*Energy & Environmental Legal Institute v. Attorney General of Vermont*, 450-8-17 Wncv (Teachout, J., Dec. 20, 2017)
[The text of this Vermont trial court opinion is unofficial. It has been reformatted from the original. The accuracy of the text and the accompanying data included in the Vermont trial court opinion database is not guaranteed.]

## STATE OF VERMONT

**SUPERIOR COURT**                                                    **CIVIL DIVISION**
**Washington Unit**                                                    **Docket No. 450-8-17 Wncv**

**ENERGY & ENVIRONMENT LEGAL INSTITUTE**
  **Plaintiff**


  **v.**


**THE ATTORNEY GENERAL OF VERMONT and**
**WILLIAM SORRELL**
  **Defendants**

### DECISION
### Mr. Sorrell's Motion to Dismiss, MPR 1

Energy & Environment Legal Institute filed this Public Records Act (PRA) suit seeking records from both the Office of the Vermont Attorney General (AG) and former Attorney General William Sorrell in his individual capacity. It seeks certain e-mails sent to or from Mr. Sorrell's State and private e-mail accounts. Mr. Sorrell filed a motion to dismiss, arguing that he, a private person and former government official, is not a proper respondent in a PRA case. The court sought additional briefing following the Vermont Supreme Court ruling in *Toensing v. The Attorney General of Vermont*, 2017 VT 99 (Oct. 20, 2017).

The *Toensing* ruling provides as follows: "where plaintiff specifically seeks specified communications to or from individual state employees or officials regardless of whether the records are located on private or state accounts, . . . the [AG's] obligation to conduct a reasonable search includes asking those individual employees or officials to provide any public records stored in their private accounts that are responsive to plaintiff's request." *Toensing*, 2017 VT 99, ¶ 24. Public records that exist in a state employee's private e-mail account are not for that reason out of the reach of a public records request submitted to the relevant agency, which has the duty set forth in *Toensing*.

The Public Records Act plainly contemplates that a request for public records should be addressed in the first instance to the public agency responsible for those records. The agency responds to the request according to the procedure described at 1 V.S.A. § 318. As Mr. Sorrell argues, the Act provides for an "agency-centered approach." It provides for an administrative review process and access to judicial review only after an administrative appeal. It also provides that the public agency will be the respondent in any lawsuit brought "to enjoin the public agency from withholding agency records." 1 V.S.A. § 319(a). It is now clear under *Toensing* that the public agency's duty to respond reasonably to a request for records that may be in an employee's private e-mail account includes asking that employee to turn over any responsive public records.

Now that *Toensing* has been decided, there is no basis for concluding that the Attorney General and Mr. Sorrell will not comply with *Toensing* in good faith.

The duty that has not yet been exercised in this case belongs in the first instance to the Attorney General. Any conclusion to the contrary on this record would impose *personal* duties and extraordinary litigation risks on individual State employees that the Act in no way intends. It would allow persons seeking records to bypass the administrative processing of records requests and subject private citizens, current or former government employees, to respond to litigation personally which would not be required of them if they continued in government employment. Since any request must first be fully processed through the Attorney General's office, Mr. Sorrell is entitled to dismissal at this time.

The court declines to rule that a State employee in his or her individual capacity can never be a proper respondent in a PRA suit involving that employee's private e-mail account. *Toensing* does not address the possible circumstance that a former employee refuses to search a private e-mail account or produce responsive public records that are in that account. Those are not the circumstances of this case at this time and the court declines to address them in an advisory manner.

ORDER

For the foregoing reasons, Mr. Sorrell's motion to dismiss is *granted*.

Dated at Montpelier, Vermont this ____ day of December 2017.

_____
Mary Miles Teachout,
Superior Judge

2